Judge Owsley
delivered the opinion of the court.
This is an appeal from a decree of the court below, sustaining the appellee’s demurrer, and dismissing the bill brought bv the appellant as the assignee of Thomas Jones.
The bill appears to have been filed with a double aspect, either to obtain the specific execution or cancehnent of a contract, alledged to have been entered into between the appellee and Jones, the assignor.
Jones is alledged in the bill to have, by the contract, sold ^nd transferred the plat and certificate of survey to a claim *478 of 1600 acres of land, entered in the .name of Walker Daniel, and for which the appellee is charged to have executed his obligation, covenanting, at his own costand expense, to institute suits, as soon as the nature of/ the case would admit, for the purpose of recovering the land, or so much thereof as might be recoverable, and stipulated to pay to Jones two dollars per acre for all the land that might be recovered, &c.
A comp’lt, tilo’ he may maintain an action at law forthe breach of a covenant may, if he elects to do so, resort to equity for a specific execution-, he may also give his prayer a double aspect, either that the contract be decreed sped iipaUv.ci dis-shlved.
The demurrer seems to have been filed, and the bill dismissed, upon the ground of the appellant’s remedy not being proper for equitable jurisdiction.
If the circumstance of an action at law being sustainable by the appellant for the recovery of damages, furnishes any objection to the interposition of the chancellor, relief, most clearly, should not be given in the present case: For, assuming the allegations of the bill to be true, and as the cause stands upon a demurrer, they must certainly be so considered, it is perfectly clear, that an action at law might be maintained.
But the appellant having a right to maintain such an action, we are of opinion cannot, under the circumstances of this case, preclude relief, in equity.
As the contract, upon which relief is sought, is for the sale of land, there is no doubt but that, according to the settled doctrine in equity, if it had not been executed on the part of Jones, the appellee, by making out a proper case, might obtain the chancellor’s aid in compelling the specific execution. -
Upon the principles of reciprocity, therefore, it would seem to follow that, as Jones appears to have performed the contract on his part, his assignee, the appellant, ought to be permitted to pursue a similar remedy, for the purpose of compelling a specific execution on the part of the ap-j pellee.
He might, it is true, as has been already said, have maintained an action at law, upon the covenants contained in the obligation; but in such an action, the relief would, certainly, not be so ample as that which may be given tq a court of equity.
1 The amount to which the appellant is entitled would, no doubt, be the same in both courts, but as the vendor retains a lien upon the land for the sale money, equity certainly may, whilst it decrees the specific performance in ordering .the price to be paid -by the purchaser, give more completé- *479 relief, by following the lands, and subjecting it in his hands to the payment of the price.
Bledsoe for appellant, Haggin for appellee.
We are of opinion, therefore, that the appellant properly resorted to court of equity, for the purpose of obtaining the specific execution of the contract on the part of the appel-lee; and that it was also regular, under appropriate allegations, to shape his bill with a double aspect, either to obtain its execution or the cancelment of the contract.
The decree of the court below must, consequently, be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion.